UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| KEITH GALLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 6:15-cv-00877-JHE |
| | ) |
| CITY OF JASPER, ALABAMA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION[1]**

Plaintiff Keith Gallion initiated this action against Defendant City of Jasper, Alabama (the "City") alleging the City violated his due process rights pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. (Doc. 1). The City moves for summary judgment arguing Gallion's claim is barred by the applicable statute of limitations and that Gallion requested the pay arrangement he now claims violated his due process rights. (Doc. 15). The motion is fully briefed and ripe for review. (Docs. 16, 18-1, &19). For the reasons stated below, the City's motion for summary judgment, (Doc. 15), is **GRANTED**.

**I. Standard of Review**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, the discovery, and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 11).

and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 447 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish there is a "genuine issue for trial." *Id.* at 324.  (citation and internal quotation marks omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor).  Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts.  *See Pace v. Capobianco*, 283 F.3d 1275, 1276-78 (11th Cir. 2002) (a Court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. V. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)).  Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II.   Summary Judgment Facts

Keith Gallion was employed with the City of Jasper, Alabama (the "City") in the Police

Department as a jailer. (Doc. 17-1 at 7 (24:7-10)). On February 21, 2012, Gallion was suspended without pay for five days as the result of his tardiness and absenteeism. (Doc. 17-2 at 2). At the time of his suspension on February 21, 2012, Gallion was informed he would be terminated following any additional tardiness and/or other cause. (*Id.*).

On February 23, 2012, the Jasper Police Department was made aware of an altercation between Gallion and a female, Kizzie Clay. (Doc. 17-4 at 2). Clay then filed a complaint with the Jasper Police Department alleging Gallion takes prescription medicine, including oxycodone, methadone, and Xanax, from the inmates that come into the Jasper Police Department. (Doc. 17-4 at 3). She further alleged Gallion kept some of the medicine for himself and tried to get her to sell some of it. (*Id.*).

On or about February 24, 2012, Captain Larry Cantrell of the Jasper Police Department told Gallion he was being suspended. (Doc. 17-1 at 14 (49:23-50:19)). Gallion testified Captain Cantrell did not tell him anything else during that conversation. (*Id.*). Gallion's now ex-wife, Rhonda Yates Gallion, was present during the February 24, 2012 conversation with Captain Cantrell that occurred at the Jasper Police Department. (*Id.* (50:20-51:9)). Later that day, Gallion received a letter indicating his unpaid suspension would become a suspension with pay that would continue until further notice. (Doc. 17-2 at 3) ("[Y]ou are hereby suspended, with pay, pending further notification . . . . The paid suspension shall begin immediately upon the conclusion of your unpaid suspension.").

The City has submitted an affidavit from Captain Cantrell in which he attests that, at Gallion's request, he met Gallion and his now ex-wife in March 2012. (Doc. 17-3 at ¶¶1, 5). Captain Cantrell states this meeting took place in the parking area underneath the Jasper Police Department. (*Id.* at ¶5). Captain Cantrell attests he informed Gallion of his probable termination,

3

and that Gallion and his now ex-wife requested Gallion be suspended with pay instead of terminated and for his accrued compensatory time to be paid periodically with regular payroll until those funds were exhausted. (*Id.* at ¶6). Captain Cantrell states he then sought and obtained Jasper Police Chief Connie Rowe's approval for the payment arrangement. (*Id.* at ¶7). Gallion disputes the City's version of events, and testified he made no such request and had no conversation with Captain Cantrell about staying on the payroll and being paid out of his accumulated compensatory time. (Doc. 17-1 at 20-21 (75:22-76:11, 76:23-79:11)).

In March 2012, because he did not have direct deposit, Gallion began receiving his check by picking it up from the Jasper Police Department. (Doc. 17-1 at 11 (39:1-13)). Following his receipt of his first "paid suspension" check in March 2012, Gallion received a telephone call from Darlene Boshell, a Jasper City payroll clerk asking why he was being paid out of his accumulated compensatory time. (*Id.* at 18, 20 (67:4-22, 73:1-16)). Thus, in approximately mid-March 2012, Gallion was aware his accrued compensatory time was the source of his pay while on suspension. (Doc. 17-1 at 18, 21 (68:1-21, 80:9-21)). Gallion testified that Boshell told him she would contact the Police Department to find out the situation with his check, but didn't commit to getting back in touch with him. (*Id.* at 31 (118:7-14)). Boshell did not get back in touch with Gallion. (*Id.* (118:13-18)). Gallion did not assert his claim against the City of Jasper for violations of his due process rights pursuant to the Fourteenth Amendment and §42 U.S.C. § 1983, until May 27, 2015 – more than three years after he was aware of the source of his payment during his suspension. (Doc. 1).

Gallion was terminated on May 1, 2013, as a result of the Jasper City Jail closing, which coincided with the exhaustion of his accrued compensatory time. (Doc. 17-5). After learning the jail was going to close, Gallion spoke to the City Clerk and attempted to speak to the Mayor

regarding his accumulated compensatory time. (Doc. 17-1 at 12 (41:6-22)). When Gallion contacted the City Clerk in April 2013, the City Clerk told Gallion she would refer the issue regarding his accumulated compensatory time to the City Attorney. (*Id.* (43:16-20)). On or about May 28, 2013, Gallion received a letter from the City Attorney denying Gallion's request to pay his accumulated compensatory time. (Doc. 17-6). On or about May 28, 2013, Gallion made a written request through the secretary of the Jasper Civil Service Board to be placed on its agenda to discuss his right to his accumulated compensatory time. (Doc. 17-1 at 5 (14:18-22)). On or about July 10, 2013, at the Civil Service Board meeting, Gallion was told the Civil Service Board was not the appropriate body to address his right to accumulated compensatory time and that the issue was between Gallion and the City. (*Id.* at 6 (17:19-18:5)).

## III. Analysis

### A. Statute of Limitations

The City first argues Gallion's due process claim is barred by the statute of limitations. The City did not plead statute of limitations as a defense in its Answer or any subsequent pleading as required by Federal Rule of Civil Procedure 8(c), instead raising it for the first time in its motion for summary judgment. As Gallion notes, in similar instances, this Circuit has allowed a defendant to raise the statute of limitations as a defense for the first time at, or even beyond the summary judgment stage. *See Navarro v. Santos Furniture Custom Design, Inc.*, 372 Fed. Appx. 24 (11th Cir. 2010); *Steger v. Gen. Elec.*, 318 F.3d 1066 (11th Cir. 2003); *Grant v. Preferred Research, Inc.*, 855 F.2d 795, 797 (11th Cir. 1989). Although Rule 8(c) requires a defendant to affirmatively state any avoidance or defense, including the statute of limitations, in its responsive pleading, Rule 8(c) is not violated when raising the defense for the first time in a motion for summary judgment does not cause the plaintiff any prejudice. *Grant*, 855 F.2d at 797. This is because the purpose of

Rule 8(c) "is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Id.* In the absence of prejudice, the later-raised defense can be heard by the trial court. *Id.* Here, recognizing the rule and exception, Gallion argues the court should not allow the City to assert the statute of limitations defense "to the extent that Gallion *is* prejudiced by the lateness of [the City's] assertion" of the defense. (Doc. 18-1) (emphasis in original). Gallion, however, does not make any argument that is he actually prejudiced by the City's lateness in raising this defense. Making no substantive argument, Gallion has failed to show the court how he will be prejudiced by the consideration of the statute of limitations defense. As such, the defense will be considered.

Gallion asserts a due process claim pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. (Doc. 1). All "constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). The statute of limitations for personal injury actions in Alabama is two years. *See* ALA. CODE §6-2-38(1) (1975). Furthermore, the statute of limitations for a plaintiff's §1983 claim began to run when the claims accrued. A plaintiff's "cause of action accrues and the limitations period begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990). Because Gallion was aware of his alleged injury in March 2012, (*see* doc. 17-1 at 18, 21 (68:1-21, 80:9-21)), he had until approximately March 2014 to file his lawsuit. Gallion did not file this action until May 27, 2015. (Doc. 1). Therefore, without an applicable exception, Gallion's due process claim is time-barred.

Gallion argues his claim against the City is not time-barred because it was tolled, or did not accrue, until at least May 28, 2013. (Doc. 18-1 at 11). Gallion points to Alabama Code § 6-2-3, known as the "savings clause," contending this provision equitably tolls the statute of

limitations on tort and breach of contract claims when the defendant has fraudulently concealed the cause of action from the plaintiff.  *See DGB, LLC v. Hinds*, 55 So. 3d 218, 224-26 (Ala. 2010).  He further contends § 6-2-3 applies to "other torts not arising in fraud in appropriate cases."  (*Id.* citing *Holdbrooks v. Central Bank of Alabama, N.A.*, 435 So. 2d 1250, 1251 (Ala. 1983)).

Generally, Alabama Code § 6-2-3 applies to claims for fraud.  Gallion does not assert a fraud claim, but instead asserts a claim based on his due process rights pursuant to 42 U.S.C. § 1983.  To the extent that Gallion is claiming some type of fraud, he testified he was aware of the allegedly wrongful act (being paid from his accrued compensatory time while suspended) from the first paycheck he received following his suspension.  (Doc. 17-1 at 18, 20 (67:4-22, 73:1-16)).  Thus, there was no concealment of any alleged wrongdoing.

Citing *Holdbrooks v. Central Bank of Alabama, N.A.*, 435 So. 2d 1250 (Ala. 1983), Gallion argues the Alabama Supreme Court has applied § 6-2-3 to other, non-fraud, types of cases.  (Doc. 18-1 at 11).  This general statement is misleading.  The *Holdbrooks* court explained that "§ 6-2-3 may be 'applied to other torts not arising in fraud in appropriate cases, *and applies to a fraudulent concealment of the existence of a cause of action*.'"  *Id.* at 1251.  Furthermore, *DGB, LLC v. Hinds*, which Gallion cites, explains as follows:

> This Court has held that to show that a plaintiff's claims fall within the savings clause of § 6–2–3 a complaint must allege the time and circumstances of the discovery of the cause of action. . . . The complaint must also allege the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury.

55 So. 3d 218 (Ala. 2010) (internal citations omitted).  Thus, although the § 6-2-3 can apply to non-fraud claims, there must be some type of fraudulent concealment of the existence of the cause of action for § 6-2-3 to apply and toll the statute of limitations.  The summary judgment facts do not suggest any fraudulent concealment.

To the extent Gallion argues his due process claim accrued on May 28, 2013, when the City Attorney rejected his request to be re-paid his accrued compensatory time, because it effectuated a denial of his post-deprivation remedy, his reliance on *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) and similar cases, is misplaced.  Gallion points to the general rule, "a claim based on continued retention accrues once the state provides or refuses to provide a post-deprivation remedy, i.e., forfeiture proceedings are instigated." *Bloom v. Alvereze*, 498 Fed. Appx. 867, 875 (11th Cir. 2012) (citing *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)).  Although Gallion characterizes his attempt to have the City Attorney review his claim as a "post-deprivation remedy," he provides no basis in statutory or case law to characterize it as such.  Although Gallion characterizes making a demand to the City Clerk as the City's custom and practice, having the wrongdoer's attorney review your complaint or grievance is not a post-deprivation remedy intended to ensure due process rights are not violated.  Such post-deprivation remedies include those provided by state case and statutory law, such as a state tort cause of action or forfeiture proceedings.[2]  *See e.g., Lindsey*, 936 F.2d at 562; *Bloom*, 498 Fed. Appx. at 875.

Instead, providing timely notice of a claim to a municipal clerk is a prerequisite to bringing certain claims against a municipality.  Specifically, Alabama Code §§ 11-47-23 and 11-47-192 require a notice of claim be filed with the "clerk" within a certain period of time or the plaintiff's

---

[2] Furthermore, there is no procedural due process violation if Gallion had a meaningful post-deprivation remedy, whether he took advantage of or not. *See Wallace v. City of Montgomery*, 956 F. Supp. 965, 980-81 (M.D. Ala. 1996).  Alabama provides adequate post-deprivation remedies in the form of an appeal to the state circuit court and appellate courts. *See Evans v. City of Huntsville*, 580 So.2d 1323, 1325 (Ala.1991) (citing *Ex parte Greenberg*, 395 So.2d 1000, 1002 (Ala.1981) ( "[State circuit] court was responsible for reviewing the record to ensure that the fundamental rights of the parties, including the right to due process, had not been violated.")); *Smith v. Folmar*, 534 So.2d 309 (Ala.Civ.App.1988); *see also Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir.1996) ("The [plaintiffs] ... failed to state a valid procedural due process claim because they [did] not allege[ ] that Alabama law provided them with an inadequate post-deprivation remedy.").

claims are barred.  The notice-of-claim statutes are not statutes of limitation, but of non-claims. *City of Birmingham v. Davis*, 613 So.2d 1222, 1224 (Ala. 1992).  "Rather than being a threshold jurisdictional matter or component of plaintiff's tort claim against a municipality, the non-claims statutes provide a municipal defense to such claims. Thus, the question of whether plaintiff complied with the non-claims statute is a matter to be decided at summary judgment, but not on a motion to dismiss." *Crutcher v. Vickers*, No. CV-10-S-01176-NE, 2012 WL 3860557, at *7 (N.D. Ala. Sept. 5, 2012).  Although these non-claim statutes do not apply to § 1983 claims brought in Alabama court, *see Morrow v. Town of Littleton*, 576 So. 2d 210 (Ala. 1991), providing such notice or, "making a demand" as Gallion calls it, is clearly not a post-deprivation remedy sufficient to toll the statute of limitations.   Accordingly, Gallion's claim against the City accrued in mid-March 2012, when he became aware that his accrued compensatory time was the source of his paychecks.

Gallion's request for declaratory relief is due to be denied.  With the dismissal of his due process claim, there is no justiciable controversy to be litigated and decided.  *See Wendy's Int'l, Inc. v. Birmingham*, 868 F.2d 433, 436 (11th Cir. 1989); *see also* The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

### B.  Merits: Dispute as to Whether Gallion Requested the Subject Pay Arrangement

Because Gallion's claim is barred by the statute of limitations, any factual dispute regarding whether Gallion requested the subject pay arrangement is immaterial.

### IV. Conclusion

The parties do not dispute Gallion was aware of his alleged injury – being paid from his accrued compensatory leave – in March 2012.  The parties do not dispute Gallion filed this lawsuit on May 27, 2015, more than three years later.  The statute of limitations for Gallion's § 1983 claim

is two years.  Therefore, Gallion's §1983 claim is untimely.  Alabama Code § 6-2-3 is inapplicable, as there are no facts to support a fraudulent concealment theory.  Furthermore, Gallion's characterization of waiting for the City Attorney to review his complaint as a post-deprivation remedy is insufficient to toll the statute of limitations.  Accordingly, finding no genuine issue of material fact, the City's motion for summary judgment, (doc. 15), is **GRANTED**.

A separate order will be entered.

DONE this 16th day of March, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE